IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk News Division

| | |
|---|---|
| RENE Y. JOHNSON,<br>                          Plaintiff,<br>v.<br>BANK OF AMERICA, N.A.<br>And<br>PROFESSIONAL FORECLOSURE<br>CORPORATION OF VIRGINIA<br>                          Defendants | Civil Action No. 4:12-cv-00105 |

**PLAINTIFF'S MEMORANDUM OF LAW IN**
**SUPPORT OF MOTION TO REMAND**

Plaintiff, by counsel, and for her Motion to Remand filed in this matter, states as follows:

**BACKGROUND**

Plaintiff owns a tract of land at 1563 N. King Street, Unit 112, Hampton, VA. (Compl. ¶ 4). On December 21, 2006, Plaintiff took out a first lien mortgage that was evidenced by a note and secured by a deed of trust. (Compl. ¶ 5). The deed of trust is governed by federal law and the laws of the Commonwealth of Virginia, as well as any other applicable statutory requirements and limitations. (Compl. ¶6)

Plaintiff retained the law office of Heath J. Thompson, P.C. ("HJTPC") to assist her in having the sale of her home rescinded and obtaining a loan modification or repayment plan on her mortgage. Since 2009 Plaintiff has been attempting to receive a loan modification after her retirement from the military resulted in reduced income. At no point did Bank of America

complete its evaluation of Plaintiff's loan for modification. Defendant Bank offered an in house modification plan but the payments were higher than the original repayment terms. Plaintiff was told by a representative for Defendant Bank of American, N.A. not to make payments under this plan until the modification amount was adjusted. (Compl. ¶¶ 09-16).

On February 21, 2012 Plaintiff's home was sold at a foreclosure sale despite the lack of any denial of her modification application. Plaintiff, by counsel, filed a Bill of Complaint and Motion for Declaratory Judgment (the "Complaint") against Bank of America, NA and Professional Foreclosure Corporation of Virginia in the Circuit Court for the City of Hampton, Case No. CL12-1369. On July 5, 2012, Defendants filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and 1331 alleging diversity jurisdiction.

Plaintiff moves this Court, pursuant to 28 U.S.C. § 1447(c) to remand to the Circuit Court for the City of Hampton for want of subject matter jurisdiction. That statute provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

## STANDARD OF REVIEW

The Fourth Circuit has recognized an obligation to construe the removal statutes strictly because of their impact on state sovereignty. *Lontz v. Tharp*, 413 F.3d 435, 441 (4th Cir. 2005). Accordingly, any doubts as to whether removal is proper should be resolved in favor of remanding to state court. *Bellone v. Roxbury Homes, Inc.*, 748 F. Supp. 434, 436 (W.D.Va. 1990). Furthermore, as the removing party, Bank of America, N.A. bears the burden of proving that removal to federal court is proper. *Barbour v. Int'l Union, 594 F.3rd 315, 326 (4th Cir. 2010).*

**ARGUMENT**

    I.    <u>**The Instant Case Lacks Complete Diversity Between the Parties**</u>

In accordance with 28 U.S.C. § 1332, Federal District Courts have original jurisdiction over cases where there is complete diversity between the parties and the amount in controversy is greater than $75,000.00 exclusive of costs or interest. Defendant Bank of America, N.A. argues that there is complete diversity between the parties. This assertion is false. Plaintiff is a resident of Virginia. Defendant Bank of America, N.A. is a resident of North Carolina. Defendant Professional Foreclosure Corporation of Virginia ("PFC") is a resident of Virginia and is required to be a resident pursuant to Virginia Code § 55-58.1. Since Plaintiff and Defendant PFC are both citizens of Virginia, the instant case lacks the complete diversity required for the Court to exercise jurisdiction. For this reason alone the case should be remanded.

Defendant Bank of America argues that PFC is a nominal party and/or is joined fraudulently. To support a finding that a party has been fraudulently joined, the Defendant must show either, "[t]hat there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Payne v. Bank of Am., N.A.*, WL 546770 (W.D. Va. Feb. 11, 2010). The Defendant does not meet this high burden. Defendant PFC foreclosed on the Plaintiff's home. PFC, as substitute trustee executed this action. If PFC were not a party to the suit, there would be no relief available because PFC has to rescind the foreclosure.. PFC collects fees relating to the improperly held foreclosure sale and the Court's ability to grant relief in that event would be limited. See *Payne v. Bank of Am., N.A.*, WL 546770 (W.D. Va. Feb. 11, 2010) (holding that substitute trustees could not be considered nominal parties and were not fraudulently joined).

Defendant Bank of America, N.A. asserts that the amount in controversy is greater than $75,000.00. This assertion is false. The Plaintiff is seeking $29,000.00, an amount well below the required amount in controversy. The Defendant incorrectly assumes that the value of rescission is equal to the full value of the property. The Virginia Supreme Court has recently examined the value of an Injunction in *Richard Mathews, et al. v. PHH Corporation, Et al.*, 724 SE 2d 196 (2012). The court in *Mathews* evaluated the value of an Injunction to stop a foreclosure. Although Johnson seeks monetary damages in addition to declaratory relief, the value of the declaratory relief in the present case, as in *Mathews*, is "too speculative to meet even the preponderance of the evidence standard…"

In a very similar case, *Muwwakil-Davis v. Wilmington Finance, Inc., et al* Case No. 3:10cv563 (E.D. VA. 2011), the Plaintiff had a mortgage loan of $108,000 and actually asked for up to $400,000 in compensatory damages and up to $350,000 in punitive damages. However, the Court declined jurisdiction in spite of the value of the loan and the claimed damages because the Complaint did not enumerate the source of the damages and make a plausible claim for an amount that exceeded the threshold.

Relying on *Barbour v. Int'l Union*, 594 F.3d 315, 326 for the principle that the removing party bears the burden of proving the amount in controversy and that when the amount is in question remand is appropriate, the Court in *Muwwakil-Davis* remanded the case to State court.

The Defendant relies on a single outlier case, *Walker v. Waller, 267 F. Supp. 2d 31,32 (D.D.C. 2003)*, for its diversity argument but the overwhelming weight of case law shows that cases substantially similar to the instant case fall under the purview of the state courts. Additionally, this matter is distinguishable from that of *Walke*r because value of the litigation is the value of the modification, more specifically the repayment of the original loan plus the

arrears. Plaintiff is seeking to repay the loan**, not to acquire the property free from any financial obligations**. For the foregoing reasons, this Court should remand the instant case to the Circuit Court for the City of Hampton.

### II. Plaintiff is Entitled to an Award of Attorneys' Fees and Costs

In light of the forgoing, Plaintiff also requests that this Court award their reasonable attorney's fees and costs incurred as the result of the improper removal by Defendant Bank of America to frustrate and increase cost of the Suit. 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of removal."

WHEREFORE, Rene Y. Johnson, by counsel, respectfully asks this Court to enter an Order remanding this case to the Circuit Court for the City of Hampton, Virginia and awarding attorney's fees in the amount of TWO THOUSAND DOLLARS ($2,000.00) and such other and further relief as the Court deems proper.

Dated: October 31, 2012

                                          Respectfully submitted,

                                          Rene Y. Johnson


                                          By   /s/ W. Andrew Patzig
                                               Counsel

                                          W. Andrew Patzig VSB# 81506
                                          Heath J. Thompson VSB# 66748
                                          Counsel for Plaintiff
                                          Heath J. Thompson, P.C.
                                          321 Edwin Drive
                                          Virginia Beach, VA 23452
                                          757-480-0060 (office)
                                          757-257-0088 (facsimile)
                                          andy@heaththompson.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 31st day of October, 2012, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following counsel:

Erin Q. Ashcroft.
Email:eashcroft@mcquirewoods.com
McGuireWoods LLP
101 West Main Street, Suite 9000
Norfolk, VA 23510
(757)640-3700
(757)624-3971 Facsimile
      Counsel for Defendant Bank of America, N.A.

Lindsey C. Kelly
Email: lkelly@LOGS.com
Shapiro Brown & Alt
236 Clearfield Avenue, #215
Virginia Beach, VA 23462
(757)687-1654
(847)493-7295 Facsimile
      Counsel for Defendant Professional Foreclosure Corporation of Virginia

                          By    /s/ W.Andrew Patzig
                                  Counsel

                        W. Andrew Patzig VSB No. 81506
                        Heath J. Thompson VSB No. 66748
                        Heath J. Thompson, P.C.
                        321 Edwin Drive
                        Virginia Beach, VA 23452
                        757-480-0060 (office phone #)
                        757-257-0088 (facsimile)
                        andy@heaththompson.com
                            *Counsel for Plaintiff*