

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

RENEE Y. JOHNSON,
    Plaintiff,

v.                                              CIVIL ACTION NO. 4:12cv105

BANK OF AMERICA, N.A.,

And

PROFESSIONAL FORECLOSURE
CORPORATION OF VIRGINIA,
    Defendants.

### *MEMORANDUM OPINION & ORDER*

Before the Court are Defendants', Bank of America, N.A. ("BOA") and Professional Foreclosure Corporation of Virginia ("Professional Foreclosure"), Motions to Dismiss,[1] pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, Defendants' Motions to Dismiss are **GRANTED**.

### I. FACTS & PROCEDURAL HISTORY

Plaintiff owns a tract of land located at 1563 N. King Street, Unit 112, Hampton, Virginia. Compl. ¶ 4. On December 21, 2006, Plaintiff entered into a mortgage loan contract for the property that was evidenced by a Promissory Note and secured by a Deed of Trust. The original servicer was Countrywide Home Loans Servicing, LP ("Countrywide"), but Bank of America ("BOA") later took over as servicer. Compl. ¶ 10.

---

[1] Defendants, Bank of America, N.A. and Professional Foreclosure Corporation of Virginia filed separate Motions to Dismiss. However, in its Motion to Dismiss, Defendant Professional Foreclosure adopted the arguments advanced by BOA. This Memorandum Opinion and Order will consider both motions contemporaneously.

Anticipating a reduction in income due to her retirement from the military, Plaintiff requested a loan modification from Countrywide, but was denied in 2009. When BOA began servicing her loan, Plaintiff was offered a forbearance agreement, which allowed her to make half-payments for six months. Compl. ¶12. Plaintiff accepted this agreement in November 2009 and the agreement extended until April 2010. Compl. ¶ 12. Plaintiff subsequently obtained in-house modification of her loan, but the modified payments were higher than her original payment amount. Compl. ¶¶ 13. Plaintiff attempted to resubmit her application for a modification, but in February 2012, BOA informed her that there would be no modification and a foreclosure sale would be initiated. Compl. ¶ 15, 16. Plaintiff notes that, as of the filing of this Complaint, BOA has failed to complete the required review process or provide a letter stating the reasons for denial of the modification and providing thirty days to appeal. Compl. ¶ 17. BOA ultimately foreclosed on Plaintiff's property, and on February, 21, 2012, Defendant Professional Foreclosure Corporation of Virginia ("Professional Foreclosure") sold Plaintiff's property at auction. Compl. ¶18.

Based on the above allegations, Plaintiff filed a Complaint and Request for Declaratory Judgment in the Circuit Court for the City of Hampton on July 5, 2012. First, Plaintiff alleges that Defendant BOA violated Virginia law by failing to treat Plaintiff with good faith and fair dealing, as defined by 12 U.S.C. §5219(a)(1). Specifically, Plaintiff asserts that BOA breached the implied covenant of good faith and fair dealing found in the Promissory Note by: (1) failing to properly review Plaintiff for a loan modification and (2) foreclosing on Plaintiff's home before a proper review had been done and a final denial was sent to her. Compl. ¶ 22. Second, Plaintiff contends that BOA and Professional Foreclosure violated Virginia law by not complying with the "standard industry practice" and postponing foreclosure until the modification application

had been thoroughly reviewed. Compl. ¶ 25. Third, Plaintiff alleges that BOA's failure to comply with 12 U.S.C. §5219(a)(1) constitutes a breach of the Deed of Trust, in so far as both parties agreed to be bound by all state and federal laws. Compl. ¶ 30-33. Lastly, Plaintiff contends that BOA failed to mitigate its damages by proceeding with foreclosure before properly reviewing and processing the loan modification application. Compl. ¶ 28, 29. Accordingly, Plaintiff requests a rescission of the foreclosure sale. Compl. ¶ 33.

On July 5, 2012, Defendants filed a Notice of Removal to remove the case from the Circuit Court for the City of Hampton to the United States District Court for the Eastern District of Virginia. On July 11, 2012 and July 12, 2012 respectively, Defendants Professional Foreclosure and BOA filed Motions to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff responded to Defendants' motions on July 23, 2012. Plaintiff also filed a Motion to Remand to the Circuit Court for the City of Hampton on October 31, 2012. Defendant BOA filed a Response to Plaintiff's Motion to Remand on November 19, 2012.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action if the Court determines that the Plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The motion to dismiss under Rule 12(b)(6) filters out frivolous claims by testing the adequacy of the plaintiff's complaint. Federal Rule of Civil Procedure 8(a)(2) requires the complaint to be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(b)(6). However, *Bell Atlantic v. Twombly* extended that standard, providing that "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations stated

in the complaint must have "more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do." *Id.*

Furthermore, a claim must exceed a mere possibility that the defendant is liable for the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must include facts that *plausibly* state a claim for relief on its face. *Id* (emphasis added). A claim is considered to be facially plausible if it asserts facts that lead the court to reasonably infer that the defendant may be liable for the alleged actions. *Id.*

### III. DISCUSSION

Many courts have been confronted with complaints asserting rights under 12 U.S.C. § 5219(a)(1) or the Home Affordable Modification Program ("HAMP"). While plaintiffs in these cases have made several different arguments grounded in many different legal theories, the result of these cases is generally the same. Courts across the country, including this Court, have consistently concluded that there can be no relief under HAMP because the program does not create a private right of action for borrowers against servicers or lenders. *See, e.g., Mosley v. Wells Fargo Bank, N.A.*, 802 F.Supp.2d 695 (E.D. Va. 2011); *Sherman*, 2011 U.S. Dist. LEXIS 71756, at *6 (E.D. Va. July 5, 2011); *Winn v. Chase Mortgage Services et al.*, No. 2:10cv359, at *5 (E.D. Va. Oct. 29, 2010); *Hoffman v. Bank of Am., N.A.*, No. C 10-2171 SI, 2010 U.S. Dist. LEXIS 70455, at *14-15 (N.D. Cal. June 30, 2010); *Marks v. Bank of Am., N.A.*, No. 3:10-cv-08039, 2010 U.S. Dist. LEXIS 61489-PHX-JAT, at *14-16 (D. Ariz. June 21, 2010).

Courts in this district have previously held that an application for a HAMP loan modification is not a valid contract unless the plaintiff can prove that the application was more than a mere offer to apply. *De Vera v. Bank of America, N.A., et al.*, 2:12-CV-17, 2012 WL 2400627 (E.D. Va. June 25, 2012); *Sherman v. Litton Loan Servicing, L.P.*, 796 F. Supp. 2d 753,

761 (E.D. Va. 2011) *reconsideration denied*, 2:10CV567, 2011 WL 6203256 (E.D. Va. Dec. 13, 2011). An offer to apply for a loan modification is merely an offer to *consider* the Plaintiff's loan modification application. *Sherman*, 796 F. Supp. at 762 (emphasis added). Such an offer does not, as a matter of law, create a binding contract to modify Plaintiff's mortgage. *Id.*

## A. Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiff alleges that Defendant, BOA, breached the implied covenant of good faith and fair dealing found in the Promissory Note and Deed of Trust. Plaintiff contends that BOA breached this covenant under 12 U.S.C. § 5219(a)(1) by: (1) failing to review Plaintiff for a loan modification and (2) foreclosing on Plaintiff's home before a proper review had been done. Compl. ¶ 22. Virginia courts recognize an implied covenant of good faith and fair dealing in certain contracts. *McInnis v. BAC Home Loan Servicing, LP*, 2:11CV468, 2012 WL 383590 *8 (E.D. Va. Jan. 13, 2012) *report and recommendation adopted*, *McInnis v. BAC Home Loan Servicing, LP*, 2:11CV468, 2012 WL 368282 (E.D. Va. Feb. 3, 2012). However, the implied covenant cannot create terms that do not otherwise exist. *Id.* An implied duty under a contract is simply a manifestation of conditions inherent in expressed promises. *E. Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 184 (4th Cir. 2000). Plaintiff cannot employ the implied duty of good faith and fair dealing to create obligations with respect to loan modification that were not present in the underlying contracts. Here, neither the Promissory Note nor the Deed of Trust creates a duty on the part of BOA to facilitate loan modification. The written terms of the Note and Deed of Trust explicitly allow BOA to foreclose upon the property if the borrower defaults on the loan. A party does not breach implied duties where it exercises its rights created under the contract. *Skillstorm, Inc. v. Elec. Data Sys., LLC*, 666 F.Supp.2d 610, 620 (E.D.Va. 2009)

The Court views this contention as Plaintiff's attempt to mask her HAMP claim under the guise of an implied covenant of good faith and fair dealing claim. Courts have routinely dismissed similar HAMP claims, rebutting plaintiffs' efforts to pursue a remedy for which no private cause of action exists. *De Vera v. Bank of America, N.A., et al.*, 2:12-CV-17, 2012 WL 2400627 (E.D. Va. June 25, 2012); *McInnis v. BAC Home Loan Servicing, LP*, 2012 WL 383590, *8-*9 (E.D.Va. Jan. 13, 2012) (citing *Young v. Wachovia Mortg. Co.*, No. 11-CV-099963 2011 WL 6934110, at *4 (D.Colo. Dec. 30, 2011) (holding Plaintiffs' breach of good faith and fair dealing claim "seeks to impose new duties upon Defendants and grant Plaintiff[s] new rights relating to the [HAMP] modification of the loan's original terms."); *Akintunji v. Chase Home Finance, L.L.C.*, Civ. Action No. H-11-389, 2011 WL 2470709, at *4 (S.D. Tex. June 20, 2011) (finding that alleged failure to assist with the HAMP program cannot support a claim for breach of duty of good faith and fair dealing); *Singh v. Wells Fargo Bank*, No. 1:10cv1569, 2011 WL 66167, at *7 (E.D. Cal. Jan 7, 2011) (holding plaintiff's allegations that bank's foreclosure after accepting payments under modified terms constituted bad faith was "an attempt to plead around the lack of private cause of action for HAMP violations")). Plaintiff has not shown that any of the Defendant's actions constitute a breach of a duty created by the Deed of Trust or the Promissory Note. Plaintiff cannot sufficiently allege that any of Defendant BOA's actions would constitute a breach of the implied covenant of good faith and fair dealing. The Court will not allow Plaintiff to use this cause of action to mask a thinly veiled HAMP claim. Accordingly, Defendants' Motions to Dismiss Plaintiff's Breach of Good Faith and Fair Dealing claim are **GRANTED.**

## B. Breach of the Duty to Mitigate Damages

Plaintiff asserts that Defendants breached the duty to mitigate damages by failing to properly consider Plaintiff for a loan modification before instituting foreclosure proceedings, in violation of 12 U.S.C. § 5219(a)(1). Plaintiff argues that because foreclosure is a damage remedy stemming from Plaintiff's breach of the loan contract, then as a matter of law, Defendants have the duty to mitigate those damages. Compl. ¶ 25. Title 12 U.S.C. § 5219 (a)(1) provides guidelines for foreclosure mitigation efforts, stating in pertinent part:

> "[T]he Secretary [of Treasury] shall implement a plan that seeks to maximize assistance for homeowners and use the authority of the Secretary to *encourage* the servicers of the underlying mortgages, considering net present value to the taxpayer, to take advantage of the HOPE for Homeowners Program under section 1715z-23 of this title or other available programs to minimize foreclosures. In addition, the Secretary *may* use loan guarantees and credit enhancements to facilitate loan modifications to prevent avoidable foreclosures."

12 U.S.C. § 5219(a)(1) (emphasis added). The statute requires the Secretary of Treasury to implement a homeowners' assistance program and encourage servicers to take advantage of the HOPE for Homeowners Program. The plain language of the statute *does not* demand that each private loan modification application shall be granted. Further, as noted previously, Plaintiffs cannot sue to enforce a duty to mitigate under 12 U.S.C. § 5219(a)(1) because the statute contains no private right of action. Thus, even if the statute were require some heightened modification review, Plaintiff would have no standing to sue. Accordingly, the Plaintiff has not presented sufficient facts to the Court to support a claim for Breach of the Duty to Mitigate Damages and Defendants' Motions to Dismiss this claim are **GRANTED**.

## C. Breach of the Deed of Trust

Plaintiff alleges that in the Deed of Trust, Defendants agree to be bound by all state and federal laws. Accordingly, Plaintiff asserts that Defendants are therefore bound by 12 U.S.C. § 5219(a)(1). Plaintiff argues that both Defendants breached the Deed of Trust by proceeding to foreclosure upon Plaintiff's home before fully viewing the modified loan application. Compl. ¶ 25. Under Virginia law, however, a party claiming breach of contract must establish three elements to prevail: "(1) a legally enforceable obligation of a defendant to a plaintiff, (2) the defendant's violation or breach of that obligation, and (3) injury or damage to the plaintiff caused by the breach of obligation." *Sunrise Continuing Care, LLC v. Wright*, 671 S.E.2d 132, 135 (2009).

As to the first prong, Defendant BOA was under no legally enforceable obligation to reconsider Plaintiff's request for loan modification before proceeding to foreclosure. As established above, the plain language of the statute does not place an obligation on individual servicers and lenders like BOA to grant each applicant a loan modification. Furthermore, no provision in the statute explicitly or implicitly requires the Substitute Trustee, Professional Foreclosure, to wait for certification that the Plaintiff's application for loan modification has been reviewed before proceeding with a foreclosure sale. Title 12 U.S.C. §5219(a)(1) merely places an obligation on the Secretary of Treasury to implement an assistance program. Plaintiff has not identified a legally enforceable obligation of either Defendant and has failed to sufficiently allege the first prong of the three-part breach of contract test, thus the Court need not consider the second and third prongs.

In short, Plaintiff attempts to assert a HAMP claim by alleging various breach of contract claims. The Court has already established that homeowners do not have a private right of action

under HAMP. Plaintiff's counsel presented nearly identical arguments before the Court in *De Vera v. Bank of America, N.A., et al*, and those claims were soundly rejected. 2012 WL 2400627 (E.D.Va. June 25, 2012). In both its filings presented to the Court and oral argument, Plaintiff's counsel has failed to distinguish the present claims from those that failed in *De Vera*. Accordingly, Defendants' Motions to Dismiss Plaintiff's Breach of the Deed of Trust claim are also **GRANTED**.

## IV. CONCLUSION

For the reasons stated above, it is **ORDERED** that Defendants' Motions to Dismiss Plaintiff's Complaint are **GRANTED**.[2]

Plaintiff's Complaint is hereby **DISMISSED**.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
December 5, 2012

Raymond A. Jackson
United States District Judge

---

[2] Defendants have also moved the Court to dismiss Plaintiff's request for a rescission of the foreclosure sale of the property in dispute. The Court construes Plaintiff's request as one for injunctive relief. As set forth in *Winter v. Nat'l Resources Def. Council, Inc.*, the United States Supreme Court modified the standard for preliminary injunctions with a four-part test. The Court should consider whether (1) petitioner is likely to succeed on the merits, (2) if petitioner is likely to suffer irreparable harm if the injunction is not granted, (3) if the balance of equities tips in favor of petitioner, and (4) the public interest in the issuance of a preliminary injunction. *Winter v. Nat'l Resources Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008). For the reasons contained within this Memorandum Opinion and Order, the Court believes the Plaintiff is not likely to succeed on the merits and accordingly rejects Plaintiff's request for relief. Additionally, because Plaintiff is not likely to succeed on the merits, she will not suffer irreparable harm if the request for injunction is not granted. The balance of equities does not weigh in favor of an injunction, and the public interest does not suggest that Defendants should be enjoined. Thus, the Court finds that a preliminary injunction is unwarranted. Defendants' Motions to Dismiss Plaintiff's request for a preliminary injunction are **GRANTED**.